IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **YELLOW ENGINE SERVICES, LP** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No.  4:25-CV-00520-O |
| | § | |
| **GENSTAR INSURANCE SERVICES, LLC** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**<u>OPINION & ORDER</u>**

Before the Court are Defendant's Motion for Summary Judgment, Brief in Support, and Appendix in Support (ECF Nos. 16–18); Plaintiff's Response and Appendix in Support (ECF Nos. 25–26); Defendant's Reply (ECF No. 28); Defendant's Motion to Exclude Expert Testimony of Daryll Thompson and Heath Fries, Brief in Support, and Appendix in Support (ECF Nos. 19–21); Plaintiff's Response and Appendix in Support (ECF Nos. 23–24); and Defendant's Reply (ECF No. 27). Having reviewed the briefing and relevant caselaw, Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**; and Defendant's Motion to Exclude Expert Testimony (ECF No. 19) is **GRANTED**.

## I.    BACKGROUND[1]

This case arises from an insurance dispute. Plaintiff Yellow Engine Services, LP ("Plaintiff") owns commercial property located at 4703 and 4705 Martin Street in Fort Worth, Texas. Defendant General Star Indemnity Company ("Defendant") insured the properties through a policy with effective dates of coverage from September 4, 2022, to September 4, 2023 (the

---

[1] Unless otherwise specified, the Court's recounting of the facts in this case is drawn from the Parties' briefing.

1

"Policy"). On August 1, 2023, Plaintiff reported a claim for hail damage with a purported date of loss of July 25, 2023. Defendant then denied coverage for the claim, citing exclusions in the Policy. Plaintiff disputes Defendant's denial determination and filed suit in Tarrant County, Texas District Court on April 11, 2025, bringing claims for breach of contract and violations of certain provisions of Chapter 541 and 542 the Texas Insurance Code. Defendant then removed the case to this Court on May 16, 2025.

Defendant filed its motion for summary judgment on all of Plaintiff's claims and moves to strike Plaintiff's retained experts. The Parties have fully briefed the Motions, which are now ripe for the Court's review.

## II.    LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 56(a)

The Court may grant summary judgment when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not "a disfavored procedural shortcut, but rather . . . an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks and citation omitted).

"[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis for its motion and demonstrate from the record that no genuine dispute as to any material fact exists. *Celotex*, 477 U.S. at 323. The Court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir.

2

2013). And if there appears to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the Court must deny the motion for summary judgment. *Anderson*, 477 U.S. at 250.

"The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "The opposing parties' failure to produce proof as to any essential element of a claim renders all other facts immaterial." *2223 Lombardy Warehouse, LLC v. Mount Vernon Fire Ins. Co.*, No. 3:17-CV-2795-D, 2019 WL 1583558, at *6 (N.D. Tex. Apr. 12, 2019) (Fitzwater, J.). Summary judgment is mandatory if the parties fail to meet this burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### B.  Federal Rule of Civil Procedure 26(a)(2)

Federal Rule of Civil Procedure 26(a)(2) governs disclosures of expert testimony. For retained experts or those specially employed to provide expert testimony, parties are generally required to provide a written report. That written report must include:

(i)  a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)  the facts or data considered by the witness in forming them;

(iii)  any exhibits that will be used to summarize or support them;

(iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)  a list of all other cases in which during the previous 4 years, the witnesses testified as an expert at trial or by deposition; and

(vi)  a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B)(i)–(vi). For nonretained experts, a report is not required. However, under Rule 26(a)(2)(C), the offering party must disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P.

3

26(a)(2)(C). "This Rule, adopted in 2010, is intended to ensure that an opposing party has some notice of what the nonretained expert will testify about." *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, Civil Action No. 3:14-CV-1028-D, 2017 WL 90366 (N.D. Tex. Jan. 10, 2017) (Fitzwater, J.) (citing 8A Charles Alan Wright, et. al., *Federal Practice and Procedure* § 2031.2, at 92 (3d ed. 2010 & Supp. 2016)).

## C. Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 37 lays out the consequences for failure to meet the requirements of Rule 26(a)(2). Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In the Fifth Circuit, four factors are considered: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell W. E&P Inc.*, 609 F.3d 710, 729 (5th Cir. 2010).

## D. Federal Rule of Evidence 702

Federal Rule of Evidence 702 governs the admissibility of expert testimony, requiring that testimony be both relevant and reliable. The district court is charged with making this preliminary determination as a gatekeeping function that filters the evidence the trier of fact considers. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and

4

>   (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

FED. R. EVID. 702. Rule 702 incorporates the principles articulated by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Under *Daubert*, expert testimony is admissible only if the proponent, who bears the burden of proof, demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988–89 (5th Cir. 1997).

The first requirement is that the expert must be qualified. "Before a district court may allow a witness to testify as an expert, it must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting Rule 702). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Id.*

The second requirement is that the expert's testimony must be relevant. Relevant expert testimony "assist[s] the trier of fact to understand the evidence or to determine a fact in issue." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002). This requirement asks whether an expert's "reasoning or methodology properly can be applied to the facts in issue." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007).

The third requirement is that the expert's testimony must be reliable. "Reliability is determined by assessing 'whether the reasoning or methodology underlying the testimony is scientifically valid.'" *Id.* (quoting *Daubert*, 509 U.S. at 592–93)). *Daubert* lists five non-exhaustive factors to assess the reliability of expert testimony:

1.  Whether the theory of technique has been tested;
2.  Whether the theory or technique has been subjected to peer review and publication;

3. The known or potential rate of error of the method used;
4. The existence and maintenance of standards and controls in the methodology; and
5. Whether the theory or method has been generally accepted by the scientific community.

*Daubert*, 509 U.S. 593–95. In determining these factors, a district court has wide latitude and considerable discretion. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

### III.    ANALYSIS

#### A.  Motion to Strike Experts

##### 1.  Rule 26

Defendant argues that the testimony of Plaintiff's retained experts Darryll Thompson ("Thompson") and Heath Fries ("Fries") should be excluded based on their failure to abide by the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).[2] Plaintiff responds that both Thompson's and Fries' testimonies are proper under Rule 26.[3] The Court addresses each expert in turn.

###### a.   Darryll Thompson

Defendant argues that Plaintiff has failed to comply with Rule 26(a)(2)(B) because it "wholly failed to attach any written expert report from Thompson."[4] Plaintiff contends that Thompson does not need to submit a written report because he was hired during the claim process, prior to litigation.[5] The Court agrees with Defendant.

Rule 26(a)(2)(B) provides that a party's "[Rule 26(a)(1)] disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee

---

[2] Def.'s Br. Supp. Mot. Exclude 8–10, ECF No. 20.
[3] Pl.'s Resp. 6–7, ECF No. 23.
[4] Def.'s Br. Supp. Mot. Exclude 10, ECF No. 20.
[5] Pl.'s Resp. 8–9, ECF No. 23.

regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B). Looking to the facts of this case, Thompson was hired by Plaintiff during the initial claims process before this lawsuit was filed.[6] However, Plaintiff's expert disclosures indicate that (1) Thompson is a retained expert, (2) who formed his opinions based on "[s]ite inspections; claim correspondence and produced claim file; Lionheart Property Damage Consultants . . . ; photographs . . . ; CoreLogic Hail Verification . . . ; [a] site map" and (3) would testify that "the replacement costs claimed are reasonable and supported by industry standards and the Lionheart Property Damage Consultants scope."[6] While Thompson was retained before ligation commenced, Plaintiff indicates that his testimony would be based in part on the Lionheart Property Damage Consultants report—which was prepared by Fries and is dated October 30, 2025, well after this lawsuit commenced on April, 11, 2025, and that he would testify regarding the Lionheart Property Damage Consultants scope. Forming opinions based on a report prepared during litigation and testifying regarding these opinions, qualifies Fries an expert "retained or specially employed to provide expert testimony in the case." FED. R. CIV. P. 26(a)(2)(B). As such, Thompson's opinions are subject to the report requirements of Rule 26(a)(2)(B). And because Plaintiff has not provided Defendant with the requisite report, Plaintiff has failed to comply with the Rule.[7]

  b.  <u>Heath Fries</u>

Plaintiff's expert disclosures explain that Fries is a retained expert who will testify regarding the "[n]ature, cause, and extent of hail damage to the TPO roofing systems at 4703 & 4705 Martin Street; necessary repair methodology; code and manufacturer requirements; and the

---

[6] Pl.'s Expert Disclosures 3, ECF No. 9.
[7] Plaintiff additionally argues that Thompson's pre-litigation opinions are proper under Federal Rule of Civil Procedure 26(a)(2)(C). But because the Court has found that Thompson is subject to the requirements of Rule 26(a)(2)(B), the Court does not reach this argument.

reasonableness and/or necessity of the replacement cost."[8] Defendant argues that Plaintiff's report does not comply with Rule 26(a)(2)(B) because "it does not provide a summary of his opinions, or any other statements regarding the nature, cause, and extent of hail damage at the Property and the bases and reasons for those conclusions."[9] Plaintiff responds that the report is adequate because it "specifies the data and materials considered in forming his opinions, including field notes, sketches, measurements, photographs, EagleView roof data, CoreLogic hail verification reports tied to the date of loss, TPO roof samples from both buildings, and a 2½-inch ISO board sample from Building 4705."[10] The Court agrees with Defendant.

Rule 26(a)(2)(B) requires "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B). On its face, Plaintiff's expert report does not meet this requirement. It provides no narrative explanation of Fries' opinion, let alone a readily discernable opinion, or a basis for such opinion. Fries' report is in essence a comprehensive repair estimate that includes field notes and observations alongside corresponding photographs. As this Court has previously explained, "Rule 26 exists to prevent unfair surprise at trial and to permit the opposing party to prepare for rebuttal reports, to depose the expert in advance of trial, and to prepare for cross-examination." *Irving v. Meridian Sec. Ins. Co.*, No. 4:21-CV-01341-O, 2023 WL 2068472, at *2 (N.D. Tex. Jan. 4, 2023) (O'Connor, J.). While Fries' report provides some sense of his opinions, the report is far from a complete statement of all of his opinions and the basis and reasons for them as required by Rule 26.

---

[8] Pl.'s Expert Disclosures 3, ECF No. 9.
[9] Def.'s Br. Supp. Mot. Exclude 9, ECF No. 20.
[10] Pl.'s Resp. 7, ECF No. 23.

2.   Rule 37 and Federal Rule of Evidence 702

Having concluded that Plaintiff did not comply with Rule 26(a)(2)(B), the Court now determines in its discretion whether to strike the reports and opinions or to impose some lesser sanction, like leave to amend. *Kim v. Nationwide Mut. Ins. Co.*, 614 F. Supp. 3d 475, 485 (N.D. Tex. 2022) (Fitzwater, J.) (explaining the sanctions the Court can impose for failure to comply with the expert report requirement). When assessing the consequences of a Rule 26 violation the Court evaluates the four *Bailey* factors: "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness." *Bailey*, 609 F.3d at 729.

Here, trial is in less than four weeks, and discovery has closed. Although Plaintiff has offered no good reason for the failure to comply with Rule 26, the exclusion of both of Plaintiff's experts would likely drastically change or be fatal to Plaintiff's case. But the prejudice to Defendant is also substantial if two retained experts with unknown opinions are allowed to testify. However, due to the proximity of trial, a continuance is not possible to cure such prejudice. Therefore, considering the four *Bailey* factors, and Federal Rule of Civil Procedure 37, the Court determines that Darryll Thompson's testimony is **INADMISSIBLE** because he has provided no semblance of a report on which Defendant can prepare a defense, and allowing him to testify would present Defendant with an unfair surprise at trial.

As for Fries' testimony, the Court would find it admissible under the *Bailey* factors and Rule 37 because Plaintiff attempted to comply with Rule 26 through Fries' report, albeit unsuccessfully, Fries' opinions are somewhat discernable to Defendant in advance of trial, and excluding the testimony of both of Plaintiff's experts would be severely detrimental to its case.

But Rule 26 is not the only ground that Fries' testimony is challenged. Defendant also argues that Fries' testimony is improper under Federal Rule of Evidence 702 as interpreted in *Daubert*.[11]

In *Daubert*, the Supreme Court laid out a non-exhaustive list of factors for courts to use in evaluating the validity of a scientific expert's methodology. In a subsequent case, the Supreme Court found that *Daubert's* gatekeeping function extends to "all experts, not just to 'scientific' ones." *Kumho Tire*, 526 U.S. at 148. Under *Daubert*, the Court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." 509 U.S. 579, 592–93. An expert's "testimony must be reliable at each and every step or else it is inadmissible." *Knight*, 482 F.3d at 355. This "reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, *et alia*." *Id.* (citation modified).

Here, the Court finds that Fries' testimony does not satisfy *Daubert*. As Defendant rightly argues, Fries does not "provide any reasonable analysis for a conclusion that the alleged damage to the Property was caused by a storm within the Policy period. Nor do[es] [he] provide any conclusions or analysis ruling out pre-existing damage . . . or other non-covered or excluded causes of loss such as age-related deterioration or wear and tear."[12] Fries' report does not provide any discussion or opinions regarding the damage shown in the report or the cause of that damage beyond conclusively asserting it was caused by hail. As such, there is a logical gap between Fries' conclusions that hail caused the damage, the event that caused this damage, or whether there were any other causes or preexisting damage. "Without more than credentials and a subjective opinion,

---

[11] Def.'s Br. Supp. Mot. Exclude 11–16, ECF No. 20.
[12] *Id.* at 12.

10

an expert's testimony that 'it is so' is not admissible." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987). Thus, the Court holds that Fries' testimony is **INADMISSIBLE**.

*    *    *

Because the Court has found that both Thompson's and Fries' testimonies are inadmissible, Defendant's Motion to Exclude is **GRANTED**.

### B. Motion for Summary Judgment

Defendant moves for summary judgment as to Plaintiff's claims for breach of contract and Plaintiff's extra contractual claims—unfair insurance practices in violation of Chapter 541 of the Texas Insurance Code and violation of the Prompt Payment Act, Chapter 542 of the Texas Insurance Code.[13] Plaintiff argues that summary judgment is improper because it has offered competing opinions from its experts creating a genuine dispute of material fact.[14] But this argument fails in light of the Court finding that the testimony of Plaintiff's experts is inadmissible. Without this testimony, Plaintiff has not provided any evidence creating a dispute of material fact. But even if the Court considered the evidence from Plaintiff's experts, Plaintiff has not provided sufficient evidence to overcome summary judgment.

### 1. Breach of Contract

To establish a breach-of-contract-claim, Texas law requires that a plaintiff show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Wells v. Minnesota Life Ins. Co.*, 885 F.3d 885, 889 (5th Cir. 2018) (quoting *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 579 (5th Cir. 2015)). Under Texas law, the insured bears the burden of

---

[13] Def.'s Br. Supp. Mot. Summ. J. 2, ECF No. 17.
[14] Pl.'s Resp. 7–14, ECF No. 25.

establishing coverage and the insurer bears the burden of establishing an exclusion. *Wells*, 885 F.3d at 890.

Defendant asserts that Plaintiff has not segregated prior damages and thus cannot prove that its claimed damages are covered by the Policy.[15] *See Markel American Ins. Co. v. Lennar Corp.*, 342 S.W.3d 704, 709 (Tex. Civ. App. — Houston [14th Dist.] 2011) ("[T]he doctrine of concurrent causation . . . is a rule embodying the basic principle that insureds are not entitled to recover under their insurance policies unless they prove their damage is covered by the policy."). As such, Defendant claims Plaintiff's breach of contract claim fails because neither Fries nor Thompson provide any basis or calculation to segregate the purported hail damage from other perils.[16] *See Lyons v. Miller Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex. 1993) ("When covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage."); *see also Wallis v. United Services Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App. — San Antonio 1999, pet. denied) ("The burden of proof is on the insured to segregate the damages attributable solely to the covered peril.").

In response, Plaintiff argues that there is a genuine factual dispute because Defendant has not "established that covered and excluded perils concurrently combined to cause Yellow Engine's claimed loss. Nor has it demonstrated that the alleged damage is divisible or that allocation is required as a matter of law."[17] But this misunderstands the law. "An insurer is liable only for losses covered by the policy. Accordingly, 'when covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage.'" *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d

---

[15] Def.'s Br. Supp. Mot. Summ. J. 15–20, ECF No. 17.
[16] *Id.* at 15.
[17] Pl.'s Resp. 14, ECF No. 25.

167, 170 (5th Cir. 2018) (quoting *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993)). "If the insured falls short of meeting this burden, the insurer is entitled to summary judgment." *Id.*

Here, Defendant has provided evidence in the Vo expert report identifying hail-related damage to roof appurtenances, including the skylights, through historical aerial imagery, which Vo contends likely resulted from the storm event in 2016.[18] While not conclusive, Plaintiff offers no evidence to rebut this. Likewise, Plaintiff's disclosure states that Thompson would testify about a "July 25, 2023 hail event"[19] but Fries' report places the hail event on March 16, 2023.[20] Apart from rebutting Defendant's assertion regarding the 2016 storm, Plaintiff's experts do not appear to agree on which storm event caused the purported damage, and neither expert has provided an explanation for the discrepancy or segregated damages from the 2016 storm or either of the 2023 storms. Plaintiff's "failure to provide evidence upon which a jury or court could segregate covered damages from uncovered damages is fatal to its claim." *Hamilton Properties v. Am. Ins. Co.*, 643 F. App'x. 437, 442 (5th Cir. 2016). Accordingly, Defendant is "entitled to summary judgment because the record lack[s] reliable evidence permitting a jury to determine which of these storms—alone or in combination—damaged" Plaintiff's property. *Certain Underwriters*, 892 F.3d at 170–71.

### 2. Extra-Contractual Violations

Plaintiff alleges that "Defendant has engaged in unfair and deceptive acts or practices . . . in violation of Sections 541.051 and 541.060 of the Texas Insurance . . . [through] unreasonable delays in the adjustment and resolution of Plaintiffs [sic] Claim and its failure to pay for the

---

[18] Def.'s Br. Supp. Mot. Summ. J. 9, ECF No. 17; Def.'s App. Supp. Mot. Summ. J. (Lan Vo Report) App. 18, ECF No. 21-2.
[19] Pl.'s Expert Disclosures 2–3, ECF No. 9.
[20] Pl.'s App. Supp. Mot. Exclude (Heath Fries Report) App. 022, ECF No. 24.

damage to Plaintiff's building after liability had become reasonably clear."[21] Plaintiff additionally claims that "Defendant violated the Prompt Payment of Claims Act, Section 542, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate Plaintiff's Claim and by failing to pay Plaintiff's Claim."[22] Defendant argues that extra-contractual claims for statutory violations of the Texas Insurance Code cannot be maintained without establishing liability under Plaintiff's breach of contract claim.[23] The Court agrees with Defendant.

Without first establishing a right to benefits under the policy, or an independent injury, which Plaintiff has not shown, the Court or a jury cannot impose any extra-contractual liability. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489–90 (Tex. 2018) ("An insured cannot recover any damages based on an insurer's statutory violation unless the insured establishes a right to receive benefits under the policy or an injury independent of a right to benefits."); *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 134-37 (Tex. 2019) (no Chapter 541 recovery where no right to outstanding policy benefits is shown); *Hinojos v. State Farm Lloyds*, 619 S.W.3d 651, 658 (Tex. 2021) (Chapter 542 liability "depends on the existence of an unpaid amount" owed under the policy); *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) ("When the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive.") As such, Plaintiff's "statutory claims fall with its breach of contract claim." *Certain Underwriters*, 892 F.3d at 172.

*   *   *

Thus, because there is no genuine dispute of material fact regarding any of Plaintiff's claims, the Court **GRANTS** Defendant's Motion for Summary Judgment.

---

[21] Pl.'s Original Petition 4, ECF No. 1-3.
[22] *Id.* at 5.
[23] Def.'s Br. Supp. Mot. Summ. J. 20, ECF No. 17

14

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Exclude Expert Testimony (ECF No. 19) is **GRANTED**, and Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

**SO ORDERED** on this **12th day** of **May, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**